IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DR. TITILAYO ADETU, | * |
| Plaintiff, | * |
| v. | * Civil Case No. SAG-25-02348 |
| GRMC, INC, | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

Plaintiff Dr. Titilayo Adetu ("Plaintiff") filed a Complaint against GRMC, Inc., d/b/a Garret Regional Medical Center ("GRMC"), asserting a claim pursuant to 42 U.S.C. 1981 for race discrimination in the conditions of his employment. ECF 1. GRMC has filed a motion to dismiss for failure to state a claim. ECF 4. Plaintiff opposed the motion, ECF 6, and GRMC filed a reply, ECF 8. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons that follow, the Motion will be granted and the complaint will be dismissed without prejudice.

I. **FACTUAL BACKGROUND**

The facts below are derived from the Complaint and taken in the light most favorable to Plaintiff, the non-moving party. In November, 2021, GRMC hired Plaintiff, who is "African American of African national origin and background," on a three-year contract as a medical doctor in the Emergency Department. ECF 1 ¶¶ 4, 7. Of the three African American doctors employed in that department, Plaintiff was the only one to work full-time. *Id.* ¶ 7. GRMC had agreed to schedule Plaintiff in "block shifts," given that his residence was more than 200 miles from the facility. *Id.* ¶ 8. However, beginning in February, 2022, GRMC gave Plaintiff a "haphazard work schedule,"

1

requiring him on occasion to travel more than 400 miles to work a single 12-hour shift. *Id.* Plaintiff complained about the scheduling. *Id.*

On or about May 27, 2022, GRMC issued a letter to Plaintiff raising certain allegations regarding Plaintiff's clinical intervention and actions relating to his patients. *Id.* ¶ 9. Plaintiff responded on June 25, 2022. *Id.*

On or about August 30, 2022, Plaintiff wrote to GRMC's Chief Medical Officer to indicate that he intended to report to Maryland state authority that a nurse practitioner at the facility had conducted medical practice and interventions without supervision by a physician, which would violate Maryland state law and GRMC's bylaws. *Id.* ¶ 10. The next day, August 31, 2022, GRMC removed Plaintiff from the Emergency Room schedule, essentially terminating his employment. *Id.* ¶ 11.

On September 9, 2022, GRMC told Plaintiff that it planned to investigate and hold a hearing regarding Plaintiff's patient care, "to enable Defendant to report Plaintiff to the Maryland Board of Physicians and the National Practitioners Data Bank." *Id.* ¶ 12. On November 30, 2022, GRMC's chief medical officer scheduled the hearing for March 28, 2023, stating that the hearing was intended to "result in a notification to the Maryland Board of Physicians." *Id.* ¶ 14. However, on March 16, 2023, GRMC cancelled the hearing because the Medical Executive Committee's review "did not result in any reportable action." *Id.* ¶ 15. GRMC released Plaintiff from the investigation in May, 2023. *Id.* ¶ 16.

GRMC circulated a proposed amendment to its bylaws on September 14, 2022, which effectively permitted nurse practitioners to carry out the interventions that Plaintiff had complained about in August. *Id.* ¶ 13.

Plaintiff alleges that he was deprived of employment "from August 31, 2022 to December 2023" as a result of these events.[1] *Id.* ¶ 17. He further alleges, with no additional detail, that "Defendant has treated White American medical doctors more favorably than Plaintiff, and other Black or African American medical doctors under similar circumstances. This includes Dr. David Miller." *Id.* ¶ 18. He later alleges, "[T]he discipline to which Plaintiff was subjected was demonstrably harsher than that meted out by Defendant to Plaintiff's white counterparts, including Dr. Miller, who had various clinical and patient care discrepancies and deficiencies." *Id.* ¶ 22.

## II.    LEGAL STANDARD

Under Rule 12(b)(6), a defendant may test the legal sufficiency of a complaint by way of a motion to dismiss. *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016); *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Federal Rule of Civil Procedure 8(a)(2). That rule provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of the rule is to provide the defendants with "fair notice" of the claims and the "grounds" for entitlement to relief. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007).

---

[1] It is unclear from the Complaint whether Plaintiff resumed employment at GRMC in December 2023 or obtained other employment, as he also refers to "effective termination" on August 31, 2022.

To survive a motion under Fed. R. Civ. P. 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (citation omitted) ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions' . . . ."); *see also Willner v. Dimon*, 849 F.3d 93, 112 (4th Cir. 2017). But, a plaintiff need not include "detailed factual allegations" in order to satisfy Rule 8(a)(2). *Twombly*, 550 U.S. at 555. Moreover, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 574 U.S. 10 (2014) (per curiam).

Nevertheless, the rule demands more than bald accusations or mere speculation. *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). If a complaint provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it is insufficient. *Twombly*, 550 U.S. at 555. Rather, to satisfy the minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Id.* at 556 (internal quotation marks omitted).

In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *see Semenova v. Md. Transit Admin.*, 845 F.3d 564, 567 (4th Cir. 2017); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015). A court is not required to accept legal conclusions drawn from the facts. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986). Ultimately, "[a] court decides whether [the pleading] standard is met by separating the

legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought. *A Society Without a Name v. Virginia*, 655 F.3d 342, 346 (4th. Cir. 2011), *cert. denied*, 566 U.S. 937 (2012).

### III.   ANALYSIS

The parties dispute whether Plaintiff has alleged sufficient facts to state a plausible claim under the *Iqbal/Twombly* pleading standard. While a Plaintiff need not plead a full *prima facie* case of discrimination to overcome a Rule 12(b)(6) motion, Fourth Circuit precedent requires more than the level of generality contained in Plaintiff's complaint. Conclusive allegations about being treated differently from persons of other races is not sufficient under Fourth Circuit law, without allegations establishing that the comparators were similarly situated. *See, e.g.*, *Lemon v. Myers Bigel, P.A.*, 985 F.3d 392, 399–400 ("Lemon's allegation that she was subject to a different short-term leave application process than the firm's white partners is by itself insufficient. Because in the absence of plausible allegations that, for example, these white partners were similarly situated, such an allegation indicates only that she was treated differently, not that she was treated differently *because of* her race."); *Nadendla v. WakeMed*, 24 F.4th 299, 305 (4th Cir. 2022) (finding assertions that Plaintiff was treated "differently than Caucasian physicians similarly situated" and that "minority physicians are scrutinized more harshly by [WakeMed] than are Caucasian physicians" did not suffice to state a § 1981 claim).

In this case, even taking the allegations in the light most favorable to Plaintiff, Plaintiff has not alleged sufficient facts for this Court to ascertain whether he has plausibly pleaded the existence of similarly situated white physicians who were treated differently. The Complaint includes no details about the patient care allegations against Plaintiff or his comparator, Dr. David

Miller. It includes no details identifying the decisionmakers with respect to Plaintiff's employment and whether they were the same as Dr. Miller's. And it includes no details about the discipline meted out to Dr. Miller. In the absence of factual allegations allowing this Court to evaluate the plausibility of Plaintiff's claim that physicians received different treatment on the basis of race, his complaint must be dismissed without prejudice.

## IV.  CONCLUSION

For the reasons set forth above, GRMC's Motion to Dismiss, ECF 4, will be GRANTED and the Complaint will be dismissed without prejudice. Should Plaintiff wish to pursue the case, he must seek leave to amend his claims, within twenty-one days of this Memorandum Opinion and Order, in accordance with the Local Rules. A separate Order follows.

Dated:  November 20, 2025                          /s/
                                                   Stephanie A. Gallagher
                                                   United States District Judge